COLLINS v ROGERS, et

Ohio Appeals, 9th Dist, Summit Co

No 2958. Decided April 6, 1938

Schwab & Hinton, Akron, for appellant.

Hadley, Weaver & Vale, Akron, for appellee.

### OPINION

**PER CURIAM:**

In this case, which is before this court as an appeal upon questions of law and fact, plaintiff (appellant) is attempting to engraft a parol trust upon a leasehold interest of more than three years in real estate held by defendant (appellee), and in personal property so connected with said leasehold as to be governed by the law applicable thereto.

A leasehold in real estate is a chattel real, and, if for more than one year, is required to be in writing, and, if for three years or more, is required to be recorded

Gaylord, Son & Co. v Cinn. German Bldg. Assn., et, 13 O. Dec. (Rep.) 831.

The distinction between things real, or real property, and things personal, or personal property, is that movables are equivalent to personal property with

the omission of chattels real; immovables are equivalent to realty, with the addition of chattels real or leaseholds.

"The rule by which the parol trust must be established and the character of the evidence stated is that to engraft a parol trust in lands upon a deed absolute upon its face, the evidence shall be clear and convincing as to the terms and condition of the trust, and the declaration of trust must be likewise clear and convincing and contemporaneous with the execution of the deed." **40 O. J., Trusts, Sec. 34 at p. 168,** and cases cited.

It is the opinion of the court that the above rule as to quantum of evidence to establish a trust as to deeds applies to a lease for three years or more, and that the plaintiff in this case has failed to maintain the burden imposed upon him of establishing the existence of the parol trust by clear and convincing evidence, and also that the plaintiff has failed to sustain his right to recover on any other theory by the degree of proof necessary therefor.

A decree may be prepared dismissing plaintiff's petition at his costs.

STEVENS, PJ, WASHBURN, J, and DOYLE, J., concur.